UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| CLEVON WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 09-113-HRW |
| | ) | |
| vs. | ) | |
| | ) | |
| X. SCHUMAN, WARDEN, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Petitioner Clevon Williams is an inmate incarcerated at the Federal Correctional Institution in Ashland, Kentucky. In his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 2], Williams contends that he is innocent of his current conviction conduct - possession with intent to distribute crack cocaine - because neither the laboratory report used in his criminal proceedings nor his knowledge at the time conclusively established that the substance found was cocaine base rather than simple cocaine. Having reviewed the petition,[1] the Court will deny relief for the reasons stated below.

In his petition, Williams indicates that on June 27, 2006, he was stopped by Indianapolis police while driving his vehicle, and during a subsequent search police found and confiscated a

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). Once that review is complete, the Court may deny the petition if it concludes that it fails to establish grounds for relief, or otherwise it may make such disposition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

firearm and multiple plastic bags containing what appeared to be crack cocaine. On July 12, 2006, a federal grand jury indicted Williams on two counts of possession with intent to distribute a controlled substance, one count of carrying a firearm during and in relation to a drug trafficking offense, and one count of being a felon in possession of a firearm. On November 30, 2006, Williams filed a Petition to Enter a Plea of Guilty to Counts One and Four of the Indictment. On December 12, 2006, pursuant to a written plea agreement Williams pleaded guilty to the drug trafficking and felon-in-possession offenses in exchange for the dismissal of the remaining charges. On February 9, 2007, Williams was sentenced to a 151-month term of incarceration to be followed by a five-year term of supervised release. *United States v. Clevon Williams*, IP-06-106-CR-01 (S.D. Ind. 2006).

In his petition, Williams alleges that at the time he executed the plea agreement, he did not know whether or not the cocaine found in his possession satisfied the chemical formula for "crack" cocaine. Because the laboratory analysis of the substance refers only to "cocaine," Williams alleges that he was improperly sentenced under the sentencing guidelines for "crack" cocaine found in 21 U.S.C. § 841(b)(1)(A)(iii), and he is therefore "actually innocent" of the offenses charged. [R. 2 at pg. 7]

Ordinarily, a prisoner must challenge his or her conviction or sentence in the first instance by filing a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. Only where the prisoner can establish that this remedy "is inadequate or ineffective" to test the legality of his detention may the prisoner invoke the "savings clause" of Section 2255 to pursue such relief in a habeas corpus proceeding under 28 U.S.C. § 2241. *Martin v. Perez*, 319 F.3d 799, 802 (6th Cir. 2003). But that remedy is only "inadequate or ineffective" where the United States Supreme Court issues a decision after the petitioner's conviction becomes final which interprets the criminal statute under which he was convicted in a manner which renders the petitioner actually innocent of the conduct proscribed

by the statute. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *Martin*, 799 F.3d at 804; *Lott v. Davis*, 2004 WL 1447645, *2 (6th Cir. 2004) (unpublished disposition).

Here, Williams does not challenge his conviction for possession of a controlled substance as proscribed by 21 U.S.C. § 841(a); rather, he challenges the ***sentence*** imposed under 21 U.S.C.§ 841(b) which was premised upon the trial court's conclusion (and Williams's admission in his plea agreement) that the controlled substance involved constituted cocaine "base." Indeed, Williams himself so indicates:

> The distinction between "cocaine" and "cocaine base" has no bearing on the offense defined by Title 21, United States Code §841(a)(1), the distinction is relevant to determining the sentenced imposed upon conviction for the offense.

[R. 2 at pg. 5] However, as this Court has previously held, while the "savings clause" of Section 2255 may be used to test the legality of a conviction under certain, narrowly-defined circumstances, it may not be used to challenge the legality of a sentence. *Johnson v. Cauley*, No. 09-52-HRW, 2009 WL 2356152, at *2 (E.D. Ky. July 29, 2009) (*citing United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has ... not extended the reach of the savings clause to those petitioners challenging only their sentence.") and *Walden v. United States*, 9 F. App'x 420, 421 (6th Cir. May 16, 2001) (challenge to sentence enhanced under ACCA on ground that underlying state conviction was commuted by governor not cognizable in Section 2241 pursuant to the savings clause)). Williams' challenge to his sentence is therefore not cognizable in this habeas proceeding under Section 2241 because it is neither premised upon an intervening change in the law occasioned by a subsequent Supreme Court decision nor it is a challenge to his underlying conviction.

Even if this were not so, Williams expressly waived his right to challenge either his conviction or his sentence by way of direct appeal or collateral attack in his written plea agreement.

That plea agreement provides, in pertinent part:

> In the event the Court accepts this plea agreement and sentences [Williams] to no more than a total of 151 months, imprisonment, Williams expressly waives his right to appeal the conviction and any sentence imposed in this case on any ground, ... Williams also expressly agrees not to contest, or seek to modify, his conviction or sentence or the manner in which it was determined in any collateral attack, including, but not limited to, an action brought under 28 U.S.C. § 2255.

*See Williams v. United States*, No. 07-1534 (S.D. Ind. January 4, 2008) [R. 5 therein] In that proceeding, the trial court enforced the waiver in Williams's plea agreement and refused to consider the merits of his motion brought pursuant to 28 U.S.C. § 2255. [R. 7 therein] The Sixth Circuit likewise enforces such waivers to bar collateral attacks asserted in motions filed pursuant to Section 2255, *Short v. United States*, 471 F.3d 686, 697-98 (6th Cir. 2006), and where the language of the waiver extends, as here, to "any collateral attack, ..." courts have refused to entertain challenges in habeas proceedings under Section 2241. *See, e.g., Murrah v. Rivera*, No. 08-3712, 2009 WL 252095, at *3 (D.S.C. February 2, 2009). Because Williams waived his right to challenge the calculation and imposition of his sentence in his plea agreement, he may not collaterally attack that sentence in this habeas proceeding under Section 2241, and his petition must be denied.

Accordingly, it is **ORDERED** that:

1. Williams's petition for a writ of habeas corpus [R. 2] is **DENIED.**

2. The Court will enter an appropriate Judgment, and this matter will be stricken from the active docket.

This May 12, 2010.

